**CABINET FOR HUMAN RESOURCES KENTUCKY HEALTH FACILITIES, Health Services Certificate of Need and Licensure Board, Appellants,**

v.

**PROVINCIAL CONVENT OF THE GOOD SHEPHERD, INC., Appellee.**

Court of Appeals of Kentucky.

July 5, 1985.

Rehearing Denied Sept. 20, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Jan. 7, 1986.

Hughes Walker, Terry Morrison, Cabinet for Human Resources, Frankfort, for appellants.

John C. LaVelle, Richard Meyer, Covington, for appellee.

Before COOPER, HOWERTON and LESTER, JJ.

COOPER, Judge.

This is an appeal from a declaratory judgment action entered for the appellees, plaintiffs below, in which the trial court ruled that the imposition of the provisions of KRS Chapters 216 and 216B and all its attendant regulations upon a private religious convalescent retirement home operated by the appellee was an unconstitutional infringement upon the latter's religious liberty, as well as an unreasonable intrusion of a governmental police power. KRS 418.-040. On appeal, the single issue is whether the trial court erred in so doing. Reviewing the record below, we affirm and adopt, in full, the trial court's order and judgment, to-wit as follows:

This controversy is before the Court on motions for summary judgment by both plaintiffs and defendants. Both plaintiffs and defendants agree that there is no substantial issue of any material fact. This is a declaratory judgment action brought pursuant to KRS 418.040. Plaintiffs herein, Provincial Convent of the Good Shepherd, Inc., are challenging the constitutionality of the Commonwealth's statutes and regulations relating to the regulation of nursing homes as applied to the plaintiff's infirmary. The infirmary, known as Pelletier Hall, is a part of the plaintiff's local religious community in Fort Thomas, Kentucky. The infirmary is operated for the benefit and exclusive use of Sisters of the Good Shepherd. It is not open to the public.

The question presented for the Court to decide is whether the application of these statutes and regulations promulgated thereunder to this religious community constitutes an infringement upon this religious community's exercise of religion free from unreasonable governmental interference and whether the application of these statutes and regulations to Pelletier Hall would create an excessive entanglement between the affairs of government and the church.

■ The Commonwealth may only infringe upon the free exercise of religion when it does so in pursuit of an overriding, compelling interest of the highest order, and only if it does so in the least restrictive manner possible. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).

■ In addition, the Supreme Court has more recently held that the States may not grant benefits or impose burdens in such a way that the State becomes unduly entangled in the religious affairs of a church group. *National Labor Relations Board v. Catholic Bishop of Chicago,* 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979). The Court can see no compelling public interest for the State to interfere with the excellent standard of care provided for the aged, sick and infirm Sisters at Pelletier Hall. The Sisters provide and care for their own, much as a family unit would do. There are no services provided which are inherently dangerous or repulsive to societal norms. The Court can see no obvious harm that would be caused by carving out a narrow exception for the Sisters at Pelletier Hall, exempting them from the regulations of the State in the interest of their religious freedom.

Counsel for appellants has demonstrated by affidavit that the quality of health care provided at Pelletier Hall is excellent. This excellence derives not from some State imposed regulation, but from the dedication of the Sisters to serve one another out of their deep religious conviction and their commitment to their religious vows of chastity, poverty, obedience and apostolic zeal. These considerations bring this case squarely within the purview of the Supreme Court's opinion in *Wisconsin v. Yoder, supra.*

■ The Court is also of the opinion that subjecting Pelletier Hall to regulations of this State board would potentially cause excessive Church/State entanglement. *See Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). Particularly, the question of the Patients' Bill of Rights, which is part of the regulatory scheme of the Department, might well harbor serious conflicts with the Sisters' vows of poverty and obedience. It is also important to remember that this facility is not open to the public, but is operated exclusively for the benefit of the Sisters. Could the Order's members be required by the State to open their facility to the public or should the State even be allowed to evaluate the Order's need for such a facility as Pelletier Hall? Such potential conflicts are a chill on religious freedom and should not be tolerated.

It is the conclusion of this Court that the State has not established an overriding and compelling interest of the highest order to justify the infringement upon the plaintiff's free exercise of religion with the imposition of these regulations.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment be, and it hereby is, granted.

The Court declares that the imposition of the provisions of KRS Chapter 216 and 216B and all regulations promulgated thereunder upon a private religious convalescent and retirement home such as Pelletier Hall is an unconstitutional infringement upon religious liberty and an unreasonable intrusion of governmental police power.

The defendants in this action are thus prohibited from imposing upon the plaintiff and the Pelletier Hall the provisions of KRS Chapter 216 and 216B and all regulations promulgated thereunder.

The order of the trial court is affirmed.

All concur.